**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| **K.M.,** | * |
|     **Plaintiff** | * |
| **v.** | * |
| **MONTGOMERY COUNTY** | * |
| **PUBLIC SCHOOLS,** | *    Civil Action No.: 8:17-cv-02759-PX |
|     **Defendant** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE COUNCIL OF PARENT ATTORNEYS AND ADVOCATES IN SUPPORT OF PLAINTIFF**

**Council of Parent Attorneys and Advocates** (**COPAA**) hereby respectfully moves for leave to file the attached brief as *Amius Curiae* in support of Plaintiff, K.M. This motion is accompanied by *Amicus*' proposed brief.

### ARGUMENT

**A. Interests of Proposed Amici Curiae**

**COPAA** is a not-for-profit organization for parents of children with disabilities, their attorneys and advocates. COPAA believes effective educational programs for children with disabilities can only be developed and implemented with collaboration between parents and educators as equal parties. COPAA does not represent children but provides resources, training, and information for parents, advocates, and attorneys. COPAA's attorney members represent children in civil rights matters. COPAA also supports individuals with disabilities, their parents, and advocates in attempts to safeguard the civil rights guaranteed to those individuals under federal laws, including the Civil Rights Act of 1871, ch. 22, 17 Stat. 13 (codified as amended at 42 U.S.C.

1

§1983) (Section 1983), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504) and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).

COPAA brings to this Court the unique perspective of parents and advocates for children with disabilities. COPAA has previously filed as *Amici curiae* in the United States Supreme Court in *Endrew F. v. Douglas County School. District RE-1*, 137 S. Ct. 988 (2017); *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017); *Forest Grove School District. v. T.A.*, 557 U.S. 230 (2009); *Board of Education of New York v. Tom F.*, 552 U.S. 1 (2007); *Arlington Central School District Board. of Education v. Murphy*, 548 U.S. 291 (2006); *Schaffer v. Weast*, 546 U.S. 49 (2005); and *Winkelman v. Parma City School District*, 550 U.S. 516 (2006), and in numerous cases in the United States Courts of Appeal.  Because COPAA served as *amicus curiae* supporting Appellants in the *Fry* case, COPAA is intimately familiar with the issues and decision rendered by the Supreme Court in *Fry* and can provide useful perspective and argument this Court should consider.

The implications of the Supreme Court's *Fry* decision are of vital importance to COPAA because its members include students who may not seek relief for a denial of a "FAPE," but like the plaintiffs in *Fry*, simply seek accommodations or equal access to their school programs and/or facilities.  COPAA's membership also includes students, their families, and advocates whose rights are violated and who seek relief under Section 504 and/or the ADA because they cannot obtain appropriate relief for their grievances under the IDEA.  As such, COPAA has a compelling interest in exhaustion requirements for educational claims under the ADA, Section 504, and the IDEA.

Based upon its experience*, Amicus* offers the Court a unique and important view on these issues.  *Amicus* therefore respectfully requests that it be granted permission to submit the attached

*Amicus curiae* brief in support of the Plaintiff's position.  Both parties, Plaintiff and Defendants, have consented to COPAA filing this Motion and Proposed Brief.

### B. Why an Amicus Curiae Brief from COPAA Is Relevant and Desirable

This *Amicus Curiae* brief from COPAA is both relevant and desirable as this Court considers the implications of the Supreme Court's *Fry v. Napoleon Community Schools* on this case. *Amicus* will present the unique perspectives of their national and local memberships and can speak to the hardships that overly broad exhaustion requirements cause their members to endure. COPAA can offer the Court relevant information not brought to the Court's attention by the parties. *See Neonatology Assocs., P.A. v. Comm'r,* 293 F.3d 128, 133 (3d Cir. 2002); *see also Funbus Sys., Inc. v. Cal. Pub. Util. Comm'n*, 801 F.2d 1120, 1124-25 (9th Cir. 1986).

Based upon its experiences in assisting children with disabilities and its familiarity with the issues raised and decided in *Fry v. Napoleon Community Schools*, *Amicus* offers the Court a unique and important view on the instant case.  As COPAA has previously explained to the Supreme Court in *Fry*, COPAA is profoundly concerned that parents and children should not be required to waste scarce time, money, and other resources on IDEA due process hearings when they raise allegations of denial of rights under the ADA or Section 504 in the absence of claims under the IDEA.  Requiring parents and children to pursue IDEA due process hearings will delay ultimate resolution of claims by months, and even years, during which time students may continue to experience unlawful violations of their federal rights.  Further, there are many instances where the IDEA simply cannot provide the requested or requisite relief.  Accordingly, *Amicus Curiae* respectfully request that this Court hear and consider its arguments and perspective.

## CONCLUSION

For the foregoing reasons, COPAA respectfully requests that the Court grant their motion to file the attached *amicus curiae* brief in support of Plaintiff's brief discussing the implications of the Supreme Court's decision in *Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 580 U.S. ___ (2017).

>Respectfully Submitted,
>/s/ Selene Almazan-Altobelli
>Selene Almazan-Altobelli
>Fed Bar No 10506
>
>COUNCIL OF PARENT ATTORNEYS AND ADVOCATES
>8 Market Place
>Baltimore, Md. 21285
>Phone: 844-436-7224, ext .702
>Selene@copaa.org
>
>Counsel for *Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the CM/ECF system on the **14th of June 2018.** I certify that all participants are registered CM/ECF users.

>/s/ Selene Almazan-Altobelli
>Selene Almazan-Altobelli