IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

K.M., by and through her Parents and Next  \*
Friends, C.M. and C.M.M.,
                                               \*

    Plaintiffs,
                                               \*

  v.                                              Civil Action No. 8:17-cv-02759-PX
                                               \*

BOARD OF EDUCATION OF
MONTGOMERY COUNTY,                \*

    Defendant.                           \*

\*\*\*\*\*\*

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiffs' Motion to Reconsider and for Leave to Amend Pleadings. ECF No. 53. The matter has been fully briefed and no hearing is necessary. Loc. R. 105.6. For the following reasons, the Court DENIES Plaintiffs' motion.

**I.    Background**

The Court has written extensively on this case and incorporates its previous opinion here. *See* ECF No. 50. To summarize, K.M. is a high school student with autism who has been educated in the Defendant Board of Education of Montgomery County ("MCPS") system under an Individualized Education Plan ("IEP"). Plaintiffs contend that K.M. needs a facilitated communicator to "reset" a letter board that K.M. uses in school. ECF No. 53-5 ¶ 17. Plaintiffs further aver that such facilitated communicators are used similarly in MCPS' Facilitated Communication Pilot Program for other autistic students. *Id.* K.M. has maintained that MCPS' refusal to provide such facilitated communication constitutes denial of reasonable accommodations in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, and Section 504 of the Rehabilitation Act ("§ 504"), 29 U.S.C. §§ 701 *et seq.*, and has litigated this matter vigorously before this Court as solely an ADA and § 504 claim.

1

Earlier this year, the Court granted MCPS' motion to dismiss the Amended Complaint because Plaintiffs failed to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, prior to filing suit. The Court more particularly determined that the gravamen of the Amended Complaint challenging MCPS' refusal to provide a facilitated communicator amounted to denying K.M. a free and appropriate public education ("FAPE") as guaranteed to students with a disability pursuant to the IDEA. Plaintiffs now seek reconsideration of this Court's decision and propose to file a Second Amended Complaint. Because the proposed Second Amended Complaint is still fatally deficient, the Court denies the requested amendment as futile and will allow its previous determination to stand.

**II.      Standard of Review**

Plaintiffs seek reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, the United States Court of Appeals for the Fourth Circuit has made clear that, in this context, this Court "need not concern itself" with the legal standards customarily applicable to such motions, but rather "need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." *Katyle v. Penn. Nat'l Gaming, Inc.,* 637 F.3d 462, 471 (4th Cir. 2011). This Court will thus review the proposed Amended Complaint for "prejudice, bad faith, or futility." *Id.*

Courts "should freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), unless amendment would prejudice the opposing party, the movant has acted in bad faith, or amendment would be futile. *Arora v. James*, 689 F. App'x 190, 190 (4th Cir. 2017). Amendment is futile when it would be subject to dismissal for failure to state a legally cognizable claim. *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 346 (D.

Md. 2018). The Court, therefore, reviews the proposed amended claims for legal sufficiency, taking as true all facts pleaded and drawing all reasonable inferences most favorably to the Plaintiffs.

**III.    Analysis**

Plaintiffs have changed very little in the Proposed Second Amended Complaint when compared to the First Amended Complaint. The Proposed Second Amended Complaint *still* focuses on facilitated communication as part of MCPS' educational program provided for younger autistic students. *Compare* ECF No. 29 ¶¶ 12–15, *with* ECF No. 53-6 ¶¶ 12–15. The Proposed Second Amended Complaint *still* makes the robust case that K.M. requires a communication facilitator "especially as she starts to learn in the general education curriculum," because "K.M. has huge gaps in her learning, has a lot to get caught up on, and seems to be asking for the challenge." *Compare* ECF No. 29 ¶¶ 22, 24 (emphasis added), *with* ECF No. 53-6 ¶¶ 23, 25. Indeed, the Proposed Second Amended Complaint *still* extols the virtues of a communication facilitator using a laminated letterboard precisely because K.M. could achieve such educational milestones as reading and discussing The Great Gatsby and Animal Farm. *Compare* ECF No. 29 ¶ 25, *with* ECF No. 53-6 ¶ 26. The only new averred facts are that in June of 2018, K.M.'s parents asked to hire a private facilitator to accompany K.M. to school, which MCPS would not allow. ECF No. 53-6 at ¶¶ 21, 45. Plaintiffs now ask this Court to order that MCPS permit a private facilitator for which the parents will pay in the event MCPS does not provide K.M.'s "preferred manner" of facilitated communication. *Id.* ¶ 47.

The Plaintiffs' proposed amendment amounts to little more than a legal sleight of hand. The protection afforded under the IDEA is to ensure that the *state* provides qualified students a FAPE, and a FAPE includes provision of "supportive services" that allow the student to access

3

her education. 20 U.S.C. § 1401(26)(a). It would do violence to the basic tenets of the IDEA to allow parties to carve out services otherwise squarely contemplated as part of a "*Free* and Appropriate Public Education," and say denial of such services triggers solely ADA and § 504 protection simply because the parents are willing to pay for it. Whether a service is part of FAPE simply cannot turn on *who* provides it, but the purpose of the service itself.[1]

At bottom, Plaintiffs' claim—that K.M. needs a facilitated communicator to access the educational curriculum—is still the same. By contrast, nothing in the Proposed Second Amended Complaint would permit even the plausible inference that K.M. needs facilitated communication for non-educational activities of daily living such as entering the building, using the restroom, eating lunch at the cafeteria, or enjoying recess outside. *Cf. Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 756 (2017) (the gravamen of an ADA claim of a wheelchair-bound student where his school building lacks access ramps is "equality of access to public facilities, not adequacy of special education"); *see also K.M. by and through Markham v. Tehachapi Unified Sch. Dist.*, 2018 WL 2096326, at *5, (E.D. Cal. May 7, 2018) (medically prescribed therapist necessary to allow autistic student "access to the school itself" and is necessary to "maintain her safety—not her educational needs").

Accordingly, K.M.'s claim as articulated in the Proposed Second Amended Complaint is cognizable under the IDEA, the ADA and § 504. *Fry*, 137 S. Ct. at 755; *see also Z.G. by & through C.G. v. Pamlico Cty. Pub. Sch. Bd. of Educ.*, 744 F. App'x 769, 778–79 (4th Cir. 2018); *Tawes v. Bd. of Educ. of Somerset Cty.*, No. RDB-17-2375, 2017 WL 6313945, at *5 (D. Md.

---

[1] Indeed, IDEA's remedial scheme allows for parents to pay for certain educational private placements and if they can prove such placement is necessary to a FAPE, through the administrative process set out in the statute, they are reimbursed for the cost. *See E.S. v. Smith*, No. PWG-17-3031, 2018 WL 3533548, at *2 (D. Md. July 23, 2018), *aff'd*, 767 F. App'x 538 (4th Cir. 2019); *see also* 20 U.S.C. § 1412(a)(10)(C)(ii). This scheme clearly reflects the commonsense animating principal here: who pays for the service is immaterial to whether the service itself is necessary for the provision of FAPE.

Dec. 11, 2017); *Vlasaty v. Wake Cty. Pub. Sch. Sys. Bd. of Educ.*, No. 17-78-D, 2018 WL 4515877, at *6 (E.D.N.C. Sept. 20, 2018).  Plaintiffs' options thus remain unchanged; they may pursue their ADA and § 504 claims as pleaded in the Proposed Second Amended Complaint only if they first exhaust administrative remedies under the IDEA.  Plaintiffs have failed to so exhaust.  *See* ECF No. 50.  As a result, the Proposed Second Amended Complaint, if allowed, will suffer the same fate as the First Amended Complaint.

Accordingly, it is this 19th day of August 2019, by the United States District Court for the District of Maryland, ORDERED that the Plaintiffs' Motion to Reconsider and for Leave to Amend Pleadings (ECF No. 53) BE, and the same hereby IS, DENIED.


8/19/2019_____                        _____/S/_____
Date                                                         Paula Xinis
                                                                  United States District Judge